STATE v. A. D. ROLLINS.

ORLEANS COUNTY, 1893.

Before: ROSS, CH. J., ROWELL AND START, JJ.

*Town grand juror.* *Oath of office.*

A town grand juror who has not taken the oath of office is not a grand juror *de facto*, and a complaint made by him will be quashed.

This was a prosecution for intoxication begun by complaint of a town grand juror and coming by appeal from a justice's judgment to the county court. Heard at the September term, 1892, THOMPSON, J., presiding, upon the defendant's plea to the jurisdiction. Plea overruled and respondent ordered to answer over. The respondent excepts.

After the entry of the case in the county court the respondent filed a plea to the jurisdiction, alleging that the proceedings were void for the reason that the town grand juror upon whose complaint the prosecution was begun had never taken the oath of office, and upon this plea issue was joined.

Upon the trial the following facts were agreed upon by the State's attorney and respondent: that the prosecution was for intoxication and was begun upon the complaint of one Perrin, purporting to act as town grand juror for the town of Greensborough; that said Perrin had been duly elected to that office; that at the time of making the complaint he had not taken the oath of office, but was acting as such

town grand juror; that the complaint was regular upon its face, and that a warrant was issued upon it, the respondent arrested, arraigned, tried by a justice jury and convicted; that sentence was imposed upon the verdict, and that from that judgment the respondent appealed to the county court; that all the proceedings were regular save the omission upon the part of the town grand juror to take the oath of office.

Upon these facts the court overruled the plea, adjudged that it had jurisdiction, and ordered the respondent to answer over.

*E. A. Cook* for the respondent.

The justice had no jurisdiction. *State* v. *Sorogan*, 40 Vt. 450; *Carlton* v. *Taylor*, 50 Vt. 220-227; *State* v. *Davis*, 52 Vt. 376; *Vaughn* v. *Congdon*, 56 Vt. 111; *State* v. *Wakefield*, 60 Vt. 618; R. L., ss. 1,667, 2,669, 1,620.

It is certainly as necessary that a grand juror should be sworn in matters that concern one's liberty as that a lister should be sworn in matters that concern property only. *Ayers* v. *Moulton*, 51 Vt. 115; *Day* v. *Peasley*, 54 Vt. 310.

*W. W. Miles*, State's Attorney, for the State.

The town grand juror had been duly elected and was acting as such. He was, therefore, an officer *de facto*, and as such his acts as to the public or third persons were valid. *Adams* v. *Jackson*, 2 Aik. 145; *The People* v. *Collins*, 7 Johns. 549; *Wilcox* v. *Smith*, 5 Wend. 231; *McGregor* v. *Balch*, 14 Vt. 428; *Lyndon* v. *Miller*, 36 Vt. 329; *Fancher* v. *Stevens*, 61 Vt. 616.

It is only when one party to a suit is seeking to justify his acts as an officer that it becomes necessary to show that he is an officer *de jure*. *Lyndon* v. *Miller*, 36 Vt. 329; *McGregor* v. *Balch*, 14 Vt. 428.

39

The opinion of the court was delivered by

START, J.   The complaint was made by a grand juror who had not taken the oath of office.   No question is made but that the objection was seasonably taken.   R. L. s. 2,669 provides that the clerk, constables, grand jurors, and listers of each town shall be sworn before entering upon the discharge of their duties and that the town clerk shall make a record of their having done so.   This statute was enacted in 1872, and was construed in *Ayers* v. *Moulton*, 51 Vt. 115, to be mandatory upon listers, and that substantial compliance ·with it was necessary to give validity to a grand list as the basis of taxation.   The statute having been thus construed it is difficult to see how a grand juror who has not taken the oath required by the same statute can make a valid complaint. If the statute is mandatory upon listers it is equally so as to grand jurors.   Listers and grand jurors are public officers; their official acts affect the public.   If a lister who has not taken the oath of office is not a lister *de facto* for the purpose of making a grand list in which the public is interested, then a juror who has not taken the oath of office is not a grand juror *de facto* for the purpose of instituting by complaint a prosecution in which the public is interested.   In *Lynde* v. *Dummerston*, 61 Vt. 48, a list was held invalid because the listers did not take the oath prescribed by the statute.   On the authority of these cases we hold the complaint insufficient.

*Exceptions sustained, complaint adjudged insufficient and quashed and respondent discharged.*